UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

CRAIG HAMILTON GONSER,

        Plaintiff,                        Case No.
                                            Hon.

Vs.

MICHIGAN DEPARTMENT OF CORRECTIONS
and MICHIGAN PAROLE BOARD,

        Defendants.
_____/

Alyson Oliver (P55020)
Cameron Bell (P81934)
Christopher Brown (P83439)
Paul Matouka (P84874)
OLIVER LAW GROUP PC
Attorneys for Plaintiff
1647 W. Big Beaver Road
Troy, MI 48084
T: (248) 327-6556
F: (248) 436-3385
E: notifications@oliverlawgroup.com
_____/

**COMPLAINT**

NOW COMES PLAINTIFF, CRAIG HAMILTON GONSER, by and through his attorneys OLIVER LAW GROUP, P.C., and brings this complaint pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution for injunctive and declaratory relief and states as follows:

## Parties and Jurisdiction

1. Plaintiff Craig Gonser is a parolee under the supervision of the Michigan Parole Board who resides in Macomb County, Michigan.

2. Defendant Michigan Department of Corrections is an agency of the State of Michigan with the sole authority to oversee the prison and parole populations.

3. Defendant Michigan Parole Board is an agency of the State of Michigan with the sole authority to grant parole to prisoners incarcerated in Michigan and to establish the conditions of their parole.

4. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Fourteenth Amendment to the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Michigan Department of Corrections has sufficient minimum contacts with this District because it engages in the ongoing and continuous activity of monitoring persons, including Plaintiff, within this District. 28 U.S.C. § 1391(c) ("For all venue purposes . . . an entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such a defendant is subject to the court's

personal jurisdiction . . ."). *See generally Int'l Shoe v. Wash.*, 326 U.S. 310 (1945).

## Factual Allegations

6. On March 5, 2010, Plaintiff was convicted for Indecent Exposure by a Sexually Delinquent Person under MCL § 750.335a(2)(C).

7. On April 15, 2010, Plaintiff was sentenced to incarceration of 10–25 years in the custody of the Michigan Department of Corrections.

8. Plaintiff was ultimately incarcerated by the Michigan Department of Corrections for 10 years.

9. On October 27, 2020, Plaintiff was paroled.

10. Plaintiff was provided with an "Explanation of Duties to Register as a Sex Offender" ("Parole Conditions"). **Exhibit A, Michigan Sex Offender Verification/Update Form.**

11. Parole Condition number 12 provides:

> Unless otherwise specified by law, I am prohibited by law from residing or working within 1,000 feet from any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, kindergarten, or any grade from one through twelve. Residing or working within a student safety zone is a misdemeanor and may result in criminal prosecution.
>
> *Id.* at 3.

12. Parole Condition number 13 provides:

> I am prohibited by law from loitering within 1,000 feet from any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, kindergarten, or any grade from one through twelve. Loitering in a student safety zone is a misdemeanor and may result in criminal prosecution. MCL 28.734(1)(b).
>
> **Exhibit A, p. 4, Michigan Sex Offender Verification/Update Form.**

13. These conditions, as part of Michigan's Sex Offender Registration Act ("SORA"), were twice declared unconstitutionally vague by federal district courts, *Doe v. Snyder*, 101 F.Supp.3d 672, 682–86 (E.D. Mich. 2015) *rev'd on other grounds* 834 F.3d 696 (6th Cir. 2016); *Doe v. Snyder*, 449 F.Supp.3d 719, 735–36 (E.D. Mich. 2020), and subsequently repealed by the Michigan Legislature. Mich. Pub. Acts 2020, No. 295, § 1 (effective Mar. 24, 2021).

14. Specifically, MCL § 28.735(1) provided that "an individual required to be registered under article II shall not reside within a student safety zone." MCL § 28.735(1) (repealed effective Mar. 24, 2021).

15. MCL § 28.734 prohibited persons required to register under SORA from "(a) work[ing] within a student safety zone. (b) Loiter[ing] within a student safety zone." MCL § 28.734(1) (repealed effective Mar. 24, 2021).

16. A "student safety zone" was defined by Michigan's SORA as "the area that lies 1,000 feet or less from school property." MCL § 28.733 (repealed effective Mar. 24, 2021).

17. "School property" was defined by Michigan's SORA as:

> a building, facility, structure, or real property owned, leased, or otherwise controlled by a school, other than a building, facility, structure, or real property that is no longer in use on a permanent or continuous basis, to which either of the following applies: (i) It is used to impart educational instruction. (ii) It is for use by students not more than 19 years of age for sports or other recreational activities.

MCL § 28.733(e) (repealed effective Mar. 24, 2021).

18. "Loiter" was defined as "to remain for a period of time and under circumstances that a reasonable person would determine is for the primary purpose of observing or contacting minors." MCL § 28.733(b) (repealed effective Mar. 24, 2021).

19. A violation of Plaintiff's Parole Conditions may result in the revocation of his parole and cause significant injury.

## COUNT I: 42 U.S.C. § 1983 Violation of Fourteenth Amendment Due Process Clause

20. Plaintiff realleges and reincorporates the preceding paragraphs.

21. While it is undisputed that *prisoners* in Michigan do not have a liberty interest in being *granted* parole, *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011), once granted parole a parolee has a liberty interest in not being

arbitrarily or discriminatorily returned to a state of incarceration. *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972).

22. "[T]he void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, the regulated parties should know what is required of them so they may act accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *FCC v. Fox TV Stations, Inc.*, 567 U.S. 239, 253 (2012) (citation omitted).

23. There is no question that Conditions 12 and 13 of Plaintiff's Parole Conditions are unconstitutionally vague. *Doe v. Snyder*, 101 F.Supp.3d 672, 682–86 (E.D. Mich. 2015) *rev'd on other grounds* 834 F.3d 696 (6th Cir. 2016); *Doe v. Snyder*, 449 F.Supp.3d 719, 735–36 (E.D. Mich. 2020).

24. Parole Conditions 12 and 13 neither provide Plaintiff with the ability to know what is required of him nor do they provide law enforcement sufficient guidelines to prevent arbitrary and discriminatory enforcement.

25. Specifically, there is no standard for determining how the 1000 feet is to be measured nor is there any indication how Plaintiff is to know whether a property is "owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, kindergarten, or any grade from one through twelve."

26. The problems with Parole Condition 13 go further, in that there is no definition for "loiter". Given the context of Parole Condition 13, with its explicit reference to the repealed SORA provision prohibiting loitering in a school zone it is likely that loiter should be construed consistently with the unconstitutional, and repealed, SORA definition. *Doe v. Snyder*, 101 F.Supp.3d 672, 685–86 (E.D. Mich. 2015) *rev'd on other grounds* 834 F.3d 696 (6th Cir. 2016); *Doe v. Snyder*, 449 F.Supp.3d 719, 735–36 (E.D. Mich. 2020).

27. On the other hand, it is possible that "loiter" within the meaning of Parole Condition 13 means something completely different.

28. Thus, Parole Condition 13 either requires Plaintiff to comply with an unconstitutional definition of loitering or comply with an undefined loitering requirement. No reasonable person could know what is required of them under these circumstances.

29. Furthermore, Condition 12 explicitly incorporates existing law, including the decisions of Federal District Courts and is therefore not enforceable because these school zone restrictions have been found unconstitutional.

30. Because Parole Conditions 12 and 13 provide no meaningful guidance to Plaintiff or law enforcement, Plaintiff is at risk of being arbitrarily deprived

of his liberty interest in his continued parole and suffering significant injury therefrom.

WHEREFORE, Plaintiff respectfully requests this Court:

1. Adjudge and declare that Conditions 12 and 13 of Plaintiff's Parole Conditions are unconstitutional and enjoin their enforcement;

2. Adjudge and declare that the provision "Unless otherwise specified by law" in Condition 12 of Plaintiff's Parole Conditions incorporates the decisions of the Federal District Courts declaring that provision unconstitutional and enjoin its enforcement;

3. Grant reasonable attorney fees pursuant to 42 U.S.C. § 1988(b);

4. Provide any further relief this Court deems proper and just.

                                                Respectfully submitted,

                                                OLIVER LAW GROUP P.C.

Dated: June 17, 2021                /s/ Alyson Oliver
                                                Alyson Oliver (P55020)
                                                1647 W. Big Beaver Rd.
                                                Troy, MI 48084
                                                T: (248) 327-6556
                                                F: (248) 436-3385
                                                E: notifications@oliverlawgroup.com

# EXHIBIT A

RI-4V (07/14)
Michigan State Police

### Boat(s)

| Make | Model | Boat Type | Color | Model Year | Reg # | State | Hull Serial # | Home Port |
|---|---|---|---|---|---|---|---|---|
| None Reported | | | | | | | | |

### Aircraft(s)

| Make | Style | Color | Year | License | State | Serial Number | Location Kept |
|---|---|---|---|---|---|---|---|
| None Reported | | | | | | | |

### ATV(s)

| Make | Model | Style | Color | Year | License | State | VIN | Serial Number |
|---|---|---|---|---|---|---|---|---|
| None Reported | | | | | | | | |

### Offense Information

| Offense Date | RS Code/Description | Counts | Victim Age | Conv. State | Conv. Date | Case # |
|---|---|---|---|---|---|---|
| 02/01/2004 | 750.10A/SEXUALLY DELINQUENT PERSON | 1 | | Michigan | 03/05/2010 | 08-4833FH |
| 07/24/1992 | 750.520E1A/CRIMINAL SEXUAL CONDUCT - FOURTH DEGREE (Force or Coercion) | 1 | 22 | Michigan | 10/16/1992 | 921554FH |
| 07/24/1992 | 750.520E1A/CRIMINAL SEXUAL CONDUCT - FOURTH DEGREE (Force or Coercion) | 1 | 27 | Michigan | 10/16/1992 | 921552FH |
| 02/01/2004 | 750.338B/GROSS INDECENCY BETWEEN MALE AND FEMALE - COMMITTING/PROCURING | 1 | 1 | Michigan | 03/05/2010 | 08-4833FH |

### Registration Fee

| Last Fee Paid | Collecting Agency | Indigent Date | Indigent Agency |
|---|---|---|---|
| | | | |

## EXPLANATION OF DUTIES TO REGISTER AS A SEX OFFENDER

1. I am required by law to register as a sex offender. Failure to register as required by law is a felony and may result in prosecution. MCL 28.729(1).
   a. If I am a Tier I offender, I must register for 15 years. MCL 28.725(10)
   b. If I am a Tier II offender, I must register for 25 years. MCL 28.725(11)
   c. If I am a Tier III offender, I must register for the remainder of my life. MCL 28.725(12)
   d. I understand my registration period excludes all period(s) of incarceration. MCL 28.725(13)

2. I am required to sign the required registration form(s). Failure to sign the required registration form(s) is a misdemeanor and may result in criminal prosecution.

3. I am required by law to verify my address by reporting in-person and providing proof of residency at a local law enforcement agency, sheriff's office, or Michigan State Police post that has jurisdiction over my residence. Failure to verify my address as required by law is a misdemeanor and may result in prosecution.
   a. If I am a Tier I offender, I am required by law to verify my address once every year during my month of birth. MCL 28.725a(3)(a)
   b. If I am a Tier II offender, I am required by law to verify my address twice each year according to the following schedule: MCL 28.725a(3)(b)

| Birth Month | Reporting Months | Birth Month | Reporting Months |
|---|---|---|---|
| January | January and July | July | January and July |
| February | February and August | August | February and August |
| March | March and September | September | March and September |
| April | April and October | October | April and October |
| May | May and November | November | May and November |
| June | June and December | December | June and December |

   c. If I am a Tier III offender, I am required by law to verify my address four times each year according to the following schedule: MCL 28.725a(3)(c)

| Birth Month | Reporting Months | Birth Month | Reporting Months |
|---|---|---|---|
| January | January, April, July, and October | July | January, April, July, and October |
| February | February, May, August, and November | August | February, May, August, and November |
| March | March, June, September, and December | September | March, June, September, and December |
| April | January, April, July, and October | October | January, April, July, and October |
| May | February, May, August, and November | November | February, May, August, and November |
| June | March, June, September, and December | December | March, June, September, and December |

RI-4V (07/14)      Offender:
Michigan State Police      GONSER, CRAIG HAMILTON

4. Upon registering as a sex offender, I am required by law to provide the following information:
   a. My legal name and any aliases, nicknames, tribal names, ethnic names, and any other name by which I have been known. MCL 28.727(1)(a)
   b. My social security number and any social security numbers or alleged security number that I have previously used. MCL 28.727(1)(b)
   c. My date of birth and any alleged dates of birth that I have previously used. MCL 28.727(1)(c)
   d. The address where I reside or will reside. If I do not have a residential address then I must provide the location that I use in lieu of a residence. If I am homeless, then I must provide the name of the village, city, or township where I spend or will spend the majority of my time. MCL 28.727(1)(d)
   e. The name and address of any temporary lodging used or to be used when I am away from my residence for more than seven days. MCL 28.727(1)(e)
   f. The name and address of each of my employers. "Employers" includes contractors. If my employment location is not in a fixed location, then I must provide the general areas where I work and the normal travel routes that I take while working. MCL 28.727(1)(f)
   g. The name and address of any school that I attend or that has accepted me if I plan to attend. MCL 28.727(1)(g)
   h. All telephone numbers registered to me or that I routinely use. MCL 28.727(1)(h)
   i. All electronic mail (e-mail) addresses and instant message addresses assigned to me or that I routinely use and all login names and other identifiers that I use when using e-mail or instant messaging. MCL 28.727(1)(i)
   j. The license plate number, registration number, and description of any motor vehicle, aircraft, or vessel that I own or regularly operate and the location where they are routinely stored. MCL 28.727(1)(j)
   k. My passport and all other immigration documents that I may have. MCL 28.727(1)(l)
   l. All occupational and professional licensing information that I may have. MCL 28.727(1)(m)

5. During my verification periods, I am required by law to review all of my registration information for accuracy. MCL 28.725a(4).

6. I am required by law to report in person within three business days to a local law enforcement agency, sheriff's office, or Michigan State Police post having jurisdiction over my residence, all of the following:
   a. My new address after changing or vacating my residence within the state of Michigan. If I am homeless or lack a fixed or temporary residence, I am required by law to provide the village, city, or township where I spend the majority of my time. MCL 28.725(1)(a) and MCL 28.727(1)(d)
   b. The name and address of my employer upon obtaining, changing, or discontinuing employment, including volunteer work. MCL 28.725(1)(b)
   c. The name and location of the school upon enrolling or discontinuing enrollment at an institution of higher learning. MCL 28.725(1)(c)
   d. My new name upon changing my name. MCL 28.725(1)(d)
   e. My temporary address and dates of travel if I intend to temporarily reside at any place other than my residence for more than seven days. MCL 28.725(1)(e) and MCL 28.727(1)(e)
   f. Any electronic mail (e-mail) address, instant messaging address, or any other designation used in internet communications upon establishing it. MCL 28.725(1)(f)
   g. The license plate number or registration number, description, and location stored or kept of any vehicle that I own or regularly operate. MCL 28.725(1)(g)
   h. My new address prior to changing my residence to another state. MCL 28.725(6) Failure to report as required by law is a felony and may result in prosecution.

7. I am required by law to provide my new or temporary address by reporting in person to a local law enforcement agency, sheriff's office, or Michigan State Police post having jurisdiction over my residence 21 days prior to traveling to another country for more than 7 days or changing my residence to another country. Failure to report this information is a felony and may result in criminal prosecution. MCL 28.725(7)

8. The Michigan Department of Corrections may not release me until I provide the address of my proposed place of residence. A county jail located within Michigan will not release me until I provide the address of my proposed place of residence. MCL 28.725(3) and MCL 28.725(4)

9. I am required by law to maintain either a valid Michigan operator's or chauffeur's license or Michigan personal identification card with a digitized photograph. This card may be used as proof of residency. Other proof of residency may be required, such as a voter registration card, utility bill, or other bill. Unless otherwise specified by law, my digitized photograph will be included on the public sex offender registry website. Failure to maintain the proper identification is a misdemeanor and may result in criminal prosecution. MCL 28.725a (7) and MCL 28.725a (8)

10. I am required by law to pay a $50.00 registration fee at the time of my initial registration and annually following the year of initial registration. The payment of the annual registration fee shall be paid at the time I report during the first verification reporting month for me, unless I elect to prepay the annual registration fee for any future year for which an annual registration fee is required. Prepaying my annual registration fee does not change or alter my reporting requirements as detailed in section 3 above. The sum of the amounts paid under this section shall not exceed $550.00. If I am determined to be indigent by the collecting agency, this fee will be temporarily waived for 90 days. Failure to pay the registration fee is a misdemeanor and may result in criminal prosecution. MCL 28.725a(6) MCL 28.724a(5), and MCL 28.725b(3)

11. I am required by law to have my fingerprints and palm prints taken if they are not already on file with the department of State Police. Those fingerprints and palm prints will be forwarded to the Federal Bureau of Investigation if they are not already on file with the Federal Bureau of Investigation. I must be reprinted if my fingerprints or palm prints were expunged and/or returned to me. MCL 28.727(1) (q)

12. Unless otherwise specified by law, I am prohibited by law from residing or working within 1,000 feet from any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, kindergarten, or any grade from one through twelve. Residing or working within a student safety zone is a misdemeanor and may result in criminal prosecution.

RI-4V (07/14)     Offender:
Michigan State Police     GONSER, CRAIG HAMILTON
MCL 28.735(1), MCL 28.734(1) (a)

13. I am prohibited by law from loitering within 1,000 feet from any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, kindergarten, or any grade from one through twelve. Loitering in a student safety zone is a misdemeanor and may result in criminal prosecution. MCL 28.734(1) (b)

14. It is a felony to knowingly provide false or misleading information concerning a registration, notice, or verification, and doing so may result in prosecution. MCL 28.727(6)

15. I acknowledge that I have read the above requirements and/or had them read to me.