UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG HAMILTON GONSER,

    Plaintiff,

v.                                          Case No. 21-11425
                                              Honorable Victoria A. Roberts

BRIAN SHIPMAN, ET Al.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF No. 11]

### I. Introduction

Craig Gonser ("Gonser") is a convicted sex offender and parolee under the supervision of the Michigan Department of Corrections (MDOC). He brought an action under 42 U.S.C. § 1983 challenging two of his parole conditions as unconstitutionally vague. Gonser seeks declaratory and injunctive relief.

The question before the Court is whether Gonser may bring his action under 42 U.S.C. § 1983 or whether he must seek relief exclusively under

1

the federal habeas corpus statutes, which require exhaustion of state remedies.

Since Gonser does not seek to invalidate his conviction or sentence – but only challenges state, not judge-imposed conditions of confinement – a § 1983 action is proper.

The Court **DENIES** Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Background**

A jury convicted Gonser of Indecent Exposure by a Sexually Delinquent Person under MCL § 750.335(a)(2)(C). The state court sentenced Gonser to 10-25 years in the MDOC custody. On October 27, 2020, the Michigan Parole Board granted Gonser release on parole and imposed 15 parole conditions.

Gonser claims that two of his parole conditions – condition #12 and condition #13 – are unconstitutionally vague because they do not provide him with the ability to know what is required of him nor do they provide law enforcement sufficient guidance to prevent arbitrary and discriminatory enforcement.

Condition #12 prohibits Gonser from *residing or working* within 1,000 feet of "any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private, denominational, or parochial school offering developmental kindergarten, or any grade from one through twelve. Residing or working within a student safety zone is a misdemeanor and may result in criminal prosecution."

Condition #13 prohibits Gonser from *loitering* within 1,000 feet of "any building, facility, structure, or real property owned, leased, or otherwise controlled by a public, private denominational, or parochial school offering developmental kindergarten, or any grade from one through twelve. Residing or working within a student safety zone is a misdemeanor and may result in criminal prosecution."

Gonser argues that both conditions are part of Michigan's Sex Offender Registration Act ("SORA") and were previously declared unconstitutionally vague. *Doe v. Snyder*, 101 F.Supp.3d 672, 682-86 (E.D. Mich. 2015); *see* also *Doe v. Snyder*, 449 F.Supp.3d 719, 735-36 (E.D. Mich. 2020). He also argues, *inter alia*, that there is no standard for determining how 1,000 feet is to be measured nor is there any indication how he is to know whether a property is "owned, leased, or otherwise

3

controlled by a public, private, denominational, or parochial school offering developmental kindergarten or any grade from one through twelve."

In their 12(b)(6) motion to dismiss, Defendants argue that Gonser should have filed a habeas corpus action under 28 U.S.C. § 2254(a).

### III. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## IV. Analysis

### I.

The Supreme Court provided guidance on whether prisoner claims should be brought under 42 U.S.C. § 1983 or filed as habeas corpus claims under 28 U.S.C. § 2254(a).

The first Supreme Court case to address the relationship between § 1983 and federal habeas statutes was *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In *Preiser*, state prisoners brought a § 1983 action challenging the cancellation of their good-behavior-time credits toward a reduction of their sentence. They sought restoration of the credits. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. The Court concluded that the prisoner's § 1983 action was improper because success on the claim would result in speedier release.

*Preiser* distinguished a plaintiff seeking damages from one seeking equitable relief. The Court reasoned that a person who seeks damages is not seeking an immediate or speedy release. *Id*. at 494. Thus, a §1983

action, and not a habeas action, is the appropriate or available federal remedy for those seeking damages. *Id*.

The Supreme Court later clarified that even if only money damages are sought, a § 1983 action may still be inappropriate. *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, a prisoner filed a § 1983 action seeking monetary damages. He claimed that prosecutors and investigators engaged in an unlawful investigation which led to his arrest and conviction. *Heck* is distinguishable from *Preiser* because Heck only sought money damages and not a declaratory judgment that would result in his immediate or speedier release. *Id*. at 481. Nonetheless, the *Heck* court concluded that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed…" *Id.* at 486. The Court held that for Heck to succeed in collecting money damages, he would need to prove his conviction was unlawful. This challenge required habeas proceedings. *Id*. at 490.

6

*Heck* provided courts with an analytical framework: "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. If it would, the only avenue open to a prisoner is habeas. Not only is a prisoner required to bring the action as habeas, but he is barred from bringing a § 1983 claim even after the habeas proceedings; unless and until the conviction or sentence is reversed, expunged, invalidated or impugned by the grant of a writ of habeas corpus. *Id*. 489.

The Supreme Court later considered both *Heck* and *Preiser* in *Wilkinson v. Dotson*, 544 U.S. 74 (2005). *Wilkinson* held that a § 1983 claim is barred no matter the relief sought if success on that claim would demonstrate the invalidity of confinement or its duration. *Wilkinson* involved two state prisoners who brought an action under § 1983 seeking declaratory and injunctive relief. They claimed the procedures the state used to determine parole eligibility were unconstitutional. The court allowed the actions to proceed under § 1983 because neither prisoner sought an immediate or speedier release. *Id*. at 810.

**II.**

With this guidance, the Court considers Defendants' challenge to Gonser's lawsuit. Defendants argue that if Gonser succeeded on his challenge it would release him from a portion of his confinement and sentence. Thus, he must exhaust all remedies and file a habeas action.

Defendants' argument rests on their belief that Gonser's parole conditions equate to confinement and the removal of two of his conditions would result in less restrictive confinement. Both parties agree that a parolee is considered to be confined. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (holding that a parolee is still "in custody" within the meaning of the habeas corpus statute). Defendants argue that a less restrictive parole confinement is a release from a portion of confinement, and a lesser sentence. The Court disagrees with this argument and believes this issue is unequivocally answered by *Wilkinson*.

'Sentence' may be interpreted in multiple ways. However, *Wilkinson* provided clarity on *Heck's* use of the term. "*Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of confinement." *Id*. at 83. If the Court applies the definition to 'sentence' that *Heck* intended, it is clear that Gonser's length of confinement

8

will not be affected if he succeeded on this claim. Gonser will continue to be on parole for the remainder of the MDOC's imposed parole sentence.

Similar to *Wilkinson*, success on his claim will not result in an immediate or speedier release from prison for Gonser. Nor would success invalidate his conviction or sentence. Gonser concedes that his conviction is valid.

*Wilkinson* makes clear that the Supreme Court has "repeatedly permitted prisoners to bring § 1983 actions challenging the conditions of their confinement – conditions that … might be considered part of the 'sentence.'" *Wilkinson*, 544 at 84. (citing *Cooper v. Pate*, 378 U.S. 546 (1964)). Gonser's claim fits squarely within *Wilkinson*. He is confined and challenges conditions of that confinement that do not pertain to the length of his sentence or the fact of his confinement. Gonser's success on a § 1983 challenge would not threaten his confinement as a parolee. The Supreme Court has repeatedly permitted such § 1983 challenges.

The Court finds *Wilkinson* to be conclusory. The Court also finds guidance in a remarkably similar case from the Ninth Circuit. *Thornton v. Brown*, 757 F.3d 834 (9th Cir. 2013). *Thornton* addressed whether a parolee's challenge to his conditions may proceed as a § 1983 action. The

9

court acknowledged that the Supreme Court has not directly considered the application of the *Heck* doctrine to § 1983 actions that challenge conditions of parole. *Id*. at 838.

In *Thornton*, the plaintiff brought a constitutional challenge to the enforcement of two parole conditions stemming from a sexual assault conviction. The plaintiff sought to enjoin enforcement of the conditions because they were previously held unconstitutional by the California state court. *Thornton* held that the plaintiff's challenge was not barred because a judgment in his favor would not "affect the 'fact or duration' of his parole nor 'necessarily imply' the invalidity of his state-court conviction or sentence." *Id*. at 841. In addition, the challenge would not "threaten his 'confinement' as a parolee." *Id*. at 843.

Although the Court is not bound by the Ninth Circuit's decision, the Court finds it persuasive.

The Defendants cite to *Hurst v. Pribe* which held that a parolee is barred from challenging his conditions through a § 1983 action. The *Hurst* court stated, "it is difficult to understand how a constitutional challenge to one's parole, probation, or supervised release conditions in a civil rights action would not 'necessarily imply the invalidity' of a portion of the plaintiff's

10

sentence…" *Hurst*, 2014 WL 7015184, at *4 (S.D. Ohio 2014). *Hurst* relied primarily on a Seventh Circuit case, *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir. 1977), which prohibited a probationer from challenging her conditions. *Drollinger's* reasoning was that the probationer was sentenced to probation by the trial court and those conditions were imposed at sentencing. *Drollinger*, 552 F.2d at 1225. But Drollinger's challenge to her court-imposed conditions was indeed a challenge to her sentence. In error, *Hurst* took this reasoning regarding a probationer and applied it to a parolee.

As *Thornton* explained, there is a big difference between parole and probation. *Thornton*, 757 F.3d at 843. The Michigan Department of Corrections – not the sentencing court -- granted Gonser parole and imposed conditions. Contrary to *Hurst's* reasoning, a constitutional challenge to one's parole does not imply the invalidity of the parolee's sentence.

In summary, if Gonser succeeded on this claim, he would not be released from confinement nor would success demonstrate invalidity of his conviction or sentence.

The Court finds that Gonser's challenge to his parole conditions is proper as a § 1983 action; he states a claim for which relief can be granted.

11

## V. Conclusion

The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS ORDERED.**

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 1/25/2022